UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLIE PATON,<br><br>    Plaintiff,<br><br>    v.<br><br>R. BROCKENBOROUGH, et al.,<br><br>    Defendants. | No. 2:18-cv-0628 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF Nos. 1, 2). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, plaintiff's motion to proceed in forma pauperis will be granted. Plaintiff will also be given the opportunity to file an amended complaint.

**I.    IN FORMA PAUPERIS APPLICATION**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (See ECF No. 2). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in

1

accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II.     SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

////

most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## III. PLEADING STANDARD

### A. Generally

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### B. Linkage Requirement

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Ortez v. Washington Cty., State of Oregon, 88 F.3d 804, 809 (9th Cir. 1996); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 556 U.S. at 676 (stating vicarious liability is inapplicable in Section 1983 suits). Since a government official cannot be held liable under a theory of vicarious liability in Section 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Iqbal, 556 U.S. at 676.

## IV. PLAINTIFF'S COMPLAINT

Plaintiff claims that Mule Creek State Prison defendants, R. Brockenborough, Chief Executive Officer; J. Sacks, a senior psychologist, and Martin, a psychologist, have violated his constitutional rights. He states that as early as 1986, he has been treated for serious mental illness, and he has been diagnosed as an exhibitionist. (See ECF No. 1 at 4). Despite these facts, between 1986 and 2000, he has been written up between fifteen and twenty times on disciplinary charges for indecent exposure. (See id. at 4).

### A. Defendant Martin

With respect to defendant Martin, plaintiff alleges that in July 2017, he was tasked with evaluating plaintiff in order to determine whether plaintiff's mental health ailments contributed to plaintiff's indecent exposure behavior. (See ECF No. 1 at 5). At that time, plaintiff states that defendant Martin told him that he did not believe that plaintiff's exhibition diagnosis played a role in his behavior because, "You people do this more than anyone." (Id. at 5). When plaintiff asked defendant Martin to clarify, he contends that defendant Martin replied, "You [B]lack prisoners always showing yourself [sic] off." (Id. at 5) (brackets added).

Plaintiff asserts that because of his race, defendant Martin purposely ignored plaintiff's prior exhibitionist diagnosis and psychiatric condition. (Id. at 5). He contends that defendant Martin's belief that African-American prisoners are always "showing [themselves] off" is arbitrary and does "not serve to advance some legitimate correctional goal." (Id. at 6). Plaintiff further contends that as a direct result of defendant Martin's: (1) failure to include plaintiff's exhibitionism diagnosis in his mental health assessment, and (2) refusal to knowingly and

competently factor in plaintiff's psychiatric conditions that influence and cause the exhibitionist urges that lead to plaintiff exposing himself, he has been: (1) deprived of adequate medical treatment for the mental health condition, and (2) improperly subjected to disciplinary sanctions such as referral for criminal prosecution, loss of yard, canteen, dayroom and phone privileges, and loss of good-time credits. (Id. at 6).

### B. Defendants Brockenborough and Sacks

With respect to defendants Brockenborough and Sacks, plaintiff states that on July 16, 2017, he filed an inmate grievance against defendant Martin. (See ECF No. 1 at 6). However, plaintiff contends that despite having been made aware of their subordinate Martin's racially motivated views, defendants Brockenborough and Sacks "act[ed] in concert" with defendant Martin when they refused to correct them. (Id. at 6-7) (brackets added).

Finally, plaintiff contends that all three defendants were deliberately indifferent to his serious psychiatric needs and that they based his access to treatment of his mental health illness on his race. (Id. at 6-7).

### C. Damages Sought

Plaintiff seeks injunctive relief in the form of a declaration that defendants' "acts and . . . omissions" have violated his rights. (See ECF No. 1 at 4). He also seeks punitive damages in the amount of $10,000.00; punitive, compensatory, exemplary, and special damages according to proof, and all other relief that the court deems just and proper. (See id. at 4).

## V. DISCUSSION

Plaintiff appears to be making two claims of violation of right: (1) a violation of right under the Equal Protection Clause of the Fourteenth Amendment, and (2) a violation of right under the Eighth Amendment in the form of deliberate indifference to his serious mental health needs. (See generally ECF No. 1).

### A. Equal Protection Clause Claim

#### 1. Relevant Law

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend.

XIV, § 1. Courts have interpreted this to mean that all persons who are similarly situated should be treated alike. See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985); Plyler v. Doe, 457 U.S. 202, 216 (1982).

In order to state a cognizable claim under the Equal Protection Clause, a plaintiff "must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998); see generally Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 924 (9th Cir. 2001) (citing to Monteiro). "Intentional discrimination means that a defendant acted at least in part *because* of a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)). The treatment must be different from that received by others similarly situated, and it must have been done under color of state law. Van Pool v City and Cty. of San Francisco, 752 F. Supp. 915, 927 (N.D. Cal. 1990) (citations omitted), aff'd sub nom., O'Shea v. City and Cty. of San Francisco, 966 F.2d 503 (9th Cir. 1992).

**2. Analysis**

**a. Defendant Martin**

Here, plaintiff has asserted that the reason his mental health ailments and/or diagnosis of exhibitionism was not taken into consideration by defendant Martin during his mental health evaluation was because of defendant Martin's stated belief about the general behavior of African-Americans, namely that they "show off" their genitalia. These constitute facts that infer discriminatory intent. Moreover, as a psychologist working for Mule Creek State Prison, defendant Martin's evaluation of plaintiff was done under color of state law.

For these reasons, the court finds that plaintiff has stated a cognizable Equal Protection Clause claim against defendant Martin.

**b. Defendants Brockenborough and Sacks**

As for defendants Brockenborough and Sacks, it is well-settled that there is no supervisory liability under Section 1983. See Taylor, 880 F.2d at 1045 (citation omitted). Supervisors may only be liable if they actively participated in or directed violations. See id. At

6

the same time, however, supervisors may also be liable if they knew of violations and failed to act to prevent them. See Taylor, 880 F.2d at 1045; see also Woods v. Carey, 684 F.3d 934, 941 (9th Cir. 2012) (citing to Taylor).

Plaintiff's complaint makes no specific allegations about specific actions defendants Brockenborough and Sacks took that actively discriminated against him. (See generally ECF No. 1). He simply states that in July 2017, he filed a grievance against defendant Martin – who they, presumably, supervise. (See id. at 6-7). This is not enough to state a cognizable equal protection claim against them. See generally Jones, 297 F.3d at 934 (mentioning requirement of personal participation in alleged rights deprivation).

Plaintiff does, however, also state that defendants Brockenborough and Sacks knew of defendant Martin's racially motivated views and opinions, yet they both refused to correct the related actions defendant Martin took (i.e., refusal to consider plaintiff's mental health illness and diagnosis of exhibitionism) that resulted from his beliefs about African-Americans. (See generally ECF No. 1 at 6-7). If a supervisor knows of constitutional violations of a subordinate and fails to act to prevent them, he may liable. See Taylor, 880 F.2d at 1045.

Construing the complaint in a light most favorable to plaintiff,[1] the court finds that plaintiff's general statements approach the threshold of stating cognizable equal protection claims against defendants Brockenborough and Sacks. However, because plaintiff has not alleged specific facts which either clearly show or from which one could infer that defendants Brockenborough and Sacks had actual knowledge of defendant Martin's: (1) racially-tinged views, and (2) related subsequent failure to consider plaintiff's diagnosis of exhibitionism in plaintiff's mental health evaluation, the court cannot find at this point that plaintiff has stated a cognizable claim against these defendants. This is because to the extent plaintiff is asserting that filing a grievance against defendant Martin was sufficient to put defendants Brockenborough and

---

[1] This court is obligated to liberally construe the pleadings of pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers).

Sacks on notice of defendant Martin's alleged violations of plaintiff's rights (see ECF No. 1 at 6-7), we have held that a defendant being aware that 602 forms and appeal forms have been filed and/or a defendant reviewing them is not enough to assign liability to said defendants. See Penilton v. Spearman, No. 3:16-cv-4573 JCS (PR), 2018 WL 4355919, at *1 (N.D. Cal. Sept. 10, 2018) (brackets added) ("The mere fact that [plaintiff] filed a 602 appeal is not sufficient to show that defendants knew of or participated in the alleged violations."); see also James v. Wilber, No. 1:08-cv-0351 LJO DLB PC, 2009 WL 256555, at *4 (E.D. Cal. Feb. 4, 2009) ("Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action.") (citation omitted).

For these reasons, plaintiff has not stated cognizable equal protection claims against defendants Brockenborough and Sacks. Plaintiff will, however, be given an opportunity to amend this claim. Should he opt to do so, he will need to provide specific facts and/or statements from defendants Brockenborough and Sacks or from others which demonstrate that these defendants had active knowledge of defendant Martin's actions and/or inaction.

### B. Deliberate Indifference Claim

#### 1. Relevant Law

An official is liable under the Eighth Amendment if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. In addition, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. at 834 (internal quotation marks and citations omitted). Mere negligent failure to protect an inmate from harm is not actionable under Section 1983. See id. at 835 (stating deliberate indifference describes state of mind more blameworthy than negligence).

////

////

////

### 2. Analysis

#### a. Defendant Martin

Plaintiff has stated a cognizable Eighth Amendment deliberate indifference claim against defendant Martin. First, plaintiff's mental health illness and his diagnosed exhibitionism constitute medical conditions. Next, plaintiff's claims that: (1) defendant Martin evaluated him; (2) plaintiff's mental health record has identified plaintiff's decades-long mental health ailments, and (3) defendant Martin actively chose not to consider these conditions when evaluating plaintiff, collectively work to establish that defendant Martin's knowledge of the ailments as well as his sufficiently culpable state of mind when he opted not to consider them when evaluating plaintiff simply because plaintiff is African-American. See generally Farmer, 511 U.S. at 834 (stating official's deprivation must be objectively sufficiently serious and result in denial of minimal civilized measure of life's necessities).

Finally, the failure to treat plaintiff for his mental health illnesses due to defendant Martin's inaction has harmed plaintiff. Aside from any obvious deterioration in plaintiff's mental health that may have resulted due to defendant Martin's failure to treat plaintiff, plaintiff has been disciplined for behavior stemming from his untreated mental health problems, and he has been denied good time credits, amongst other things.

Given these facts, the court finds that plaintiff has stated a cognizable deliberate indifference claim against defendant Martin.

#### b. Defendants Brockenborough and Sacks

As for defendants Brockenborough and Sacks, first, there are no allegations in the complaint that these defendants ever treated plaintiff, reviewed his medical files, or were told of his mental health history. Again, the filing of a 602 form or an appeal is insufficient to attach liability to those who review them. Thus, plaintiff has not established that these defendants had the requisite knowledge of plaintiff's mental health status which is one of the elements needed to establish a claim of deliberate indifference to serious medical need. Furthermore, it follows that without knowledge of plaintiff's mental health problems, knowledge of the need to abate any harm to plaintiff stemming from them does not likely arise.

For these reasons, the court finds that plaintiff has not stated a cognizable deliberate indifference claim against defendants Brockenborough and Sacks. Plaintiff, will, however, be given the opportunity to amend this claim against these defendants as well.

**VI.    OPTIONAL LEAVE TO AMEND**

Plaintiff is being given the opportunity to amend the complaint. If plaintiff chooses to file an amended complaint, it will take the place of the original complaint. See Lacey v. Maricopa Cty., 693 F.3d 896, 925 (9th Cir. 2012) (amended complaint supersedes original). Any amended complaint should observe the following:

An amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

An amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Plaintiff may not change the nature of this suit by alleging new, unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. See L.R. 220 (E.D. Cal. 2009). This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."), overruled on other grounds by Lacey v. Maricopa Cty., 693 F.3d 896 (2012).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, (ECF No. 2), is GRANTED;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

////

10

1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith;

    3. Plaintiff's complaint, (ECF No. 1), is DISMISSED with leave to amend, and

    4. Within thirty days of the date of this order, plaintiff shall file an amended complaint. Plaintiff is warned that failure to file an amended complaint within the time period granted will result in a recommendation that this action be dismissed.

Dated: February 10, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/pato0628.scrn