UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLIE PATON,<br><br>            Plaintiff,<br><br>    v.<br><br>R. BROCKENBOROUGH, et al.,<br><br>            Defendant. | No. 2:18-cv-0628 DB P<br><br>ORDER FINDING SERVICE OF COMPLAINT APPROPRIATE FOR CERTAIN CLAIMS AND DEFENDANTS AND DIRECTING SERVICE |

Plaintiff Earlie Paton is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 11, 2020, the Court screened plaintiff's complaint. (ECF No. 10). The screening order determined that plaintiff had stated a cognizable Equal Protection Clause claim against defendant Martin. (See id. at 6). Thereafter, on February 28, 2020, plaintiff filed a motion to proceed solely on claims found to be cognizable by the Court. (See ECF No. 14). Therefore, the Court shall order that this case proceed on plaintiff's complaint filed March 20, 2018 (see ECF No. 1) against defendant Martin.

////

////

////

1

Accordingly, it is HEREBY ORDERED that:

1. In accordance with 28 U.S.C. § 1915A, the Court has screened and found service of the complaint appropriate. If a defendant either waives service or is personally served, the defendant is required to reply to the complaint. 42 U.S.C. § 1997e(g)(2).

2. As set forth in the screening order issued February 11, 2020, service is appropriate for defendant Martin on the claim of Eighth Amendment deliberate indifference to plaintiff's serious medical needs. (See ECF No. 10 at 4-5, 8-9).

3. Plaintiff's motion to proceed only on claims found to be cognizable, filed February 28, 2020 (ECF No. 14), is GRANTED.

4. Defendants R. Brockenborough and J. Sacks and any related or potentially viable claims against them have been VOLUNTARILY DISMISSED as requested by plaintiff in ECF No. 14 and in accord with Federal Rule of Civil Procedure 41(a)(1)(A)(i).

5. Service shall be initiated on the following defendant:

**Defendant Martin, a psychologist** employed at Mule Creek State Prison in Ione, California in July 2017.

6. Service on the parties in this case shall proceed under the Court's E-Service pilot program for civil rights cases for the Eastern District of California. The purpose of the program is to get the complaint served on defendants faster so that they respond to the complaint sooner. "E-Service" means that instead of having plaintiffs fill out service paperwork for the United States Marshal to mail to the defendants or through personal service, the Court will provide paperwork regarding the defendants electronically to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office, each of which has agreed to participate in this program. If those entities are unable to effectuate service, then the matter will be referred to the United States Marshal for service. However, to the extent that these individuals are unable to effectuate service of process, the Court may make further orders requiring the plaintiff to assist in providing additional information in order to effectuate service. Plaintiff need not attempt service on the defendants and need not request waiver of service.

////

7. In accordance with the pilot program, the Clerk of the Court is directed to serve this order via email on the CDCR, along with a summons, the operative complaint, and copies of the form Consent to Proceed Before a United States Magistrate Judge. No later than 40 days after service of this order, CDCR shall file with the Court the "CDCR Notice of E-Service Waiver" advising the Court which defendant(s) in this order will be waiving service of process without the need for personal service by the United States Marshal. CDCR shall also notify the Court whether any defendant(s) decline to waive service or could not be reached. The CDCR's Notice of Waiver shall also be served on the California Attorney General's Office and the United States Marshal.

8. Within 30 days after the filing of CDCR's Notice of E-Service Waiver, the California Attorney General's Office shall file a waiver of service of process for any defendant who is waiving service of process consistent with Fed. R. Civ. P. 4(d)(1). A defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent – or until 90 days after it was filed to any defendant outside any judicial district of the United States. For any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent. If relief from this order is necessary, the Attorney General may seek relief by way of special appearance. Any special appearance shall not be construed as personal appearance on behalf of any defendant and does not waive service of any defects in service, unless and until a waiver of service or responsive pleading is filed.

9. Upon filing the Notice of Waiver, the Clerk of Court shall provide a copy to the United States Marshal of the operative complaint, the summons and this Order, for any defendant who has not waived service according to the CDCR Notice of E-Service Waiver. Upon receipt of those documents, the United States Marshal shall serve process of the complaint, summons, and this Order upon each defendant who has not waived service pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c). The United States Marshal may command all necessary assistance from the Office of Legal Affairs for CDCR and may seek the assistance of a Special Investigator if the Litigation Officer at the institution is unable to assist in identifying

and/or locating defendants. If any confidential information is provided by a third party to effectuate service, including CDCR, the United States Marshal shall maintain the confidentiality of all information provided to them.

10. Within 10 days after personal service is effected, the United States Marshal shall file the return of service, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service. These costs shall be enumerated on the USM-285 form and shall include the costs incurred by the United States Marshal for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against each personally served defendant in accordance with the provisions of Fed. R. Civ. P. 4(d)(2). The United States Marshal shall file the returned waivers of service, or the requests for waiver of service if returned as undelivered, once received.

11. If a defendant subsequently waives service, the defendant is required to return the signed waivers to the United States Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waivers may subject the defendant to an order to pay the costs of service pursuant to Fed. R. Civ. P. 4(d)(2).

Dated: April 2, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS/ORDERS.PRISONER.CIVIL RIGHTS/pato0628.1eService

4